UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PATRICIA CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-408-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Patricia Campbell and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 16, 17] Campbell has also filed a separate motion to remand. [Record No. 13] Campbell argues that the administrative law judge ("ALJ") assigned to her case erred in finding that she is not entitled to a period of disability and Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). She seeks reversal of the ALJ's decision and remand for an award of benefits based on the ALJ's alleged failure give proper weight to a prior disability determination. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Campbell.

I.

**A. The 2012 Determination**

On August 31, 2010, Campbell filed an application for DIB, alleging a disability beginning July 15, 2010. [Record No. 9-1, Administrative Transcript, "Tr.," at pp. 19, 215–

-1-

16] Her claims were denied initially and upon reconsideration. [Tr., p. 19] Campbell, along with her attorney Stephen Calvert, appeared before ALJ Ronald Kayser on August 4, 2011, for an administrative hearing. A supplemental hearing was held on March 15, 2012. [Tr., pp. 19, 33–91] An impartial medical expert ("IME") James M. Hayes, M.D. and vocational expert ("VE") Tina Stambaugh, also testified. [Tr., p. 19] In a decision dated May 5, 2012, ALJ Kayser found that Campbell was not disabled under sections 216(i) and 223(d) of the Act. [Tr., pp. 19–28]

Campbell was 47 years old at the time of the ALJ's decision. [Tr., p. 215] She has a 12th grade high school education and has previously worked as a parts inspector, residential worker, telephone operator, factory worker, and daycare worker. [Tr. 236, 243–50] Campbell alleges that she is no longer able to work due to arthritis, high blood pressure, cholesterol, diabetes, and nerve damage in her feet. [*See* Tr., p. 235]

After reviewing the record and considering the testimony presented during the administrative hearing, the ALJ concluded that Campbell had severe impairments of "inflammatory arthritis, reflex sympathetic dystrophy of the right upper extremity, morbid obesity, and diabetes mellitus with neuropathy in the feet." [Tr., p. 21] However, the ALJ determined that the Claimant retained the residual functional capacity ("RFC") to perform a reduced range of light work. [Tr., pp. 22–23] Specifically, the ALJ found that Campbell required "a sit/stand option allowing her to move about the work station every 35 minutes to an hour," that she was "limited as to pushing and pulling with the upper extremities and is limited to no climbing of ropes, scaffolds, and ladders, and no more than occasional crawling and climbing of ramps and stairs," and that she "has limitations as to exposure to extreme cold, whole body vibration, concentrated wetness, hazardous machinery, and dangerous

heights." [Tr., pp. 22–23]  Based on the VE's testimony, the ALJ found Campbell able to perform her past relevant work as a telephone operator and inspector. [Tr., p. 26]  In an alternative finding, again based on the VE's testimony, the ALJ found there were other jobs existing in significant numbers in the national economy that the Claimant could perform. [Tr., pp. 26–27].  Accordingly, the ALJ found Campbell not disabled from July 15, 2010, through the date of his decision. [Tr., p. 28]

### B. 2010 Determination

Campbell had filed an earlier application for a period of Social Security Disability Insurance Benefits on September 3, 2008, claiming that she was disabled from March 18, 2008. [Tr., p. 96]  Following an administrative hearing, the ALJ determined that Campbell was disabled from March 18, 2008 to March 1, 2010, but not thereafter.[1] [Tr., p. 104]  As of March 1, 2010, Campbell had returned to full-time work. [Tr., p. 104]  During this period of disability, Campbell had severe impairments of: (i) reflex sympathetic dystrophy and ulnar neuropathy of the right upper extremity; (ii) rheumatoid arthritis and osteoarthritis; (iii) poorly-controlled versus a history of uncontrolled hypertension; (iv) massive, morbid obesity; (v) uncontrolled versus poorly-controlled non-insulin dependent diabetes mellitus; (vi) fatigue, rule out chronic fatigue; and (vii) a history of a "synovial cyst in the left popliteal space" (left lower extremity). [Tr., p. 100–01]  Between March 18, 2008 and February 28, 2010, the ALJ assessed Campbell as having the RFC to perform "a significantly compromised range of sedentary work." [Tr., p. 101]  ALJ Francis determined that Plaintiff experienced medical improvement as of March 1, 2010, as that was the date that she was

---

1     The ALJ recounted a number of prior applications for a period of disability, disability insurance benefits, and supplemental security income that predated the 2008 application. [Tr., pp. 96–97]

considered to be engaging in substantial gainful activity. [Tr., p. 104] ALJ Francis's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.955, 404.981, 422.210(a).

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine

whether she can perform her past work. If she can, she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc.*

*Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Campbell argues that ALJ Kayser's determination in 2012 failed to give proper weight to earlier findings in the 2010 determination. In 2010, ALJ Francis found that Campbell was under a disability from March 18, 2008 to February 28, 2010. As part of that determination, ALJ Francis found that *during that period* "claimant retained the residual function capacity to perform only a significant compromised range of sedentary work as defined in 20 CFR 404.1567(a). [Campbell] had no effective use of her dominant right upper extremity." [Tr., p. 101] Likewise, ALJ Francis found specific severe impairments, but only for the time period of March 18, 2008 to February 28, 2010. [Tr., p. 100] Importantly, ALJ Francis found that medical improvement occurred on or about March 1, 2010.[2] [Tr., p. 104] Thus, the ALJ's findings regarding Campbell's RFC and specific severe impairments no longer applied.

Campbell argues that the 2010 determination is entitled to res judicata effect under *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) (holding that the Commissioner is bound by earlier final decisions concerning a claimant's entitlement to benefits absent changed circumstances). *Drummond* and the related acquiescence rulings on which Campbell relies, however, do not require relief in this instance. ALJ Kayser's 2012 determination fully complies with the dictates of *Drummond*. The RFC determination and

---

2  Campbell does not, and cannot, challenge the finding of earlier medical improvement through this subsequent action because the earlier determination is final.

severe limitations assessed in 2010 were specifically limited to the time period between March 18, 2008 and February 28, 2010. Campbell had returned to work and experienced medical improvement as of March 1, 2010. "Absent evidence of an improvement in claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id.* In this case, however, there was evidence in the record of medical improvement, as Campbell's condition had improved after her closed period of disability ended on March 1, prior to the issuance of the determination on June 25, 2010.

The ALJ did not make any determination of Campbell's RFC, severe impairments or other limitations from March 1, 2010 forward. Campbell's argument ignores the fact that "to find a closed period of disability, the Secretary must find that at some point in the past, the claimant was disabled and that, at some later point in the past, [s]he improved to the point of no longer being disabled." *McGregor v. Comm'r of Soc. Sec.*, 2012 WL 6949220, at *7 (E.D. Mich. 2012) (citation omitted). Moreover, ALJ Kayser expressly considered ALJ Francis' June 2010 determination throughout his decision. ALJ Kayser concluded, as does this Court, that Campbell's "[r]esidual functional capacity as of March 1, 2010 was not determined by the [ALJ] on June 25, 2010 because claimant was then engaging in substantial gainful activity; thus, there are no prior findings as to residual functional capacity that might be required to be adopted." [Tr., p. 23] Campbell was not found to have a continuing residual functional capacity as of March 1, 2010. Her condition had improved at that point.

Campbell's argument focuses entirely on the ALJ's alleged failure to properly apply *Drummond*. Campbell's brief summarizes the medical evidence in the record. However, beyond the summary, Campbell does not rely on any particular evidence or additional authority to support her argument that the ALJ's determination was not supported by

substantial evidence. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (citations omitted). Further, substantial evidence supports the decision of the ALJ.

**IV.**

The Court having found that the ALJ Kayser properly applied *Drummond* and related case law to the prior disability determination, it is hereby

**ORDERED** that:

1. Plaintiff Patricia Campbell's Motion for Summary Judgment [Record No. 16] and Motion for Remand [Record No. 13] are **DENIED**.

2. Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 17] is **GRANTED**.

3. The decision of Administrative Law Judge Ronald M. Kayser will be **AFFIRMED** by separate Judgment entered on this date.

This 21st day of October, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge